IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ALONDA CRITTENDEN, Individually and as Guardian ad Litem for J.C. a minor under the age of eighteen (18) years, | ) ) ) ) ) |
| Plaintiff, | Civil Action No.: 4:16-cv-02014-RBH ) ) ) |
| v. | ) **ORDER** ) |
| Florence School District One, Bernard A. McIntosh, Myra Isaiah, and Janeene Johnson, | ) ) ) ) |
| Defendants. | ) ) ) |

Currently pending before the court is Defendant Florence County School District One (the "District") and Defendants Myra Isaiah and Janeene Johnsons' Motion to Dismiss Plaintiff's Amended Complaint. [ECF #6]. The motion states that "the federal constitutional claims under 42 U.S.C. § 1983 against these Defendants must be dismissed." [ECF #6, p. 2]. Both parties have had the opportunity to extensively brief the issues raised in the motion to dismiss, and this Court has thoroughly considered all pleadings filed in this case.[1] This Court will now consider the motion before it.

### Factual Background and Procedural History

On May 11, 2016, Plaintiff Alonda Crittenden, individually and as guardian ad litem for J.C., a minor under the age of eighteen (18) years of age (the "Minor Child"), filed an Amended

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

Complaint[2] pursuant to 42 U.S.C. § 1983 against Defendants District, Bernard A. McIntosh, Myra Isaiah, and Janeene Johnson alleging Fourteenth Amendment (Substantive Due Process) and Eighth Amendment violations, as well as state law gross negligence claims. [ECF #1-1]. Plaintiff alleges that while the Minor Child was in the care of the Defendants at the Clinical Day Program ("CDP"), a school owned and operated by Defendant District, Defendant McIntosh physically assaulted her minor child in the presence of Defendants Isaiah and Johnson, two other school employees. [ECF #1-1, p. 6]. Plaintiff alleges that the District is an agency, political subdivision and/or governmental entity of the State of South Carolina and that the other Defendants were employees of the District at the time the incident occurred. [ECF #1-1, pp. 5-6]. Plaintiff alleges that as a result of the incident, the Minor Child sustained personal injury, including embarrassment, emotional distress, mental anguish, depression, and physical injury. [ECF #1-1, p. 7]. This matter was removed to federal court on June 17, 2016. [ECF #1].

On June 24, 2016, Defendants District, and Defendants Myra Isaiah and Janeene Johnson, filed a Motion to Dismiss. [ECF #6]. Defendant District brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and Defendants Isaiah and Johnson bring the motion pursuant to 12(b)(6), arguing that this Court should dismiss the Amended Complaint's Fourteenth Amendment due process violations claims, Eighth Amendment cruel and unusual punishment claims for failure to state a claim upon which relief can be granted, and additionally for lack of subject-matter and personal jurisdiction as to Defendant District. [ECF #6, p. 1]. On

---

[2] The initial complaint was filed on February 18, 2016 in the South Carolina Court of Common Pleas, Florence County.

2

July 11, 2016, Plaintiff filed her response in opposition to the motion. [ECF #8], and Defendants District, Isaiah and Johnson replied on July 20, 2016. [ECF #9].

## Standard of Review

Defendant District files its Motion pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure. However, Defendant District does not explicitly argue why jurisdiction is improper under Rule 12(b)(2). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for "lack of subject-matter jurisdiction." The plaintiff has the burden of proving federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper only if the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1280-81 (3d Cir. 1993) (*quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). However, as Plaintiff points out, to the extent Defendants seek to invoke the protection of Eleventh Amendment immunity, this protection is unavailable to these Defendants because they voluntarily chose to remove this lawsuit from state court to federal court, thereby waiving immunity. *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002).

Defendant District, along with Defendants Isaiah and Johnson also filed this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178

3

F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In considering a motion to dismiss, the factual allegations in a complaint are accepted as true, and the plaintiff is afforded the benefit of all reasonable inferences to be drawn from the allegations contained within the complaint. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Moreover, materials outside the pleadings which relate to jurisdiction can be considered on a motion to dismiss for lack of jurisdiction. *Land v. Dollar*, 330 U.S. 731, 735 (1947).

## Discussion

### I. Section 1983's "Policy or Custom" Requirement

To prevail on a § 1983 claim, Plaintiff must show that he or she was deprived of a federal statutory or constitutional right, and the deprivation was committed under state law. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). School boards[3] may not be sued under § 1983 based solely on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691

---

[3] *Monell* does not distinguish between municipalities and school boards on this ground. 436 U.S. at 696.

(1978). However, in cases where a municipality causes the deprivation through "an official policy or custom," liability may attach. *Doyle*, 326 F.3d at 471. Such a policy or custom can arise in four ways:

> (1) an express policy; (2) through decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers that manifests deliberate indifference to the rights of citizens; or (4) through a persistent and widespread practice that would constitute a "custom or usage with the force of law."

*Id.* This "official policy" requirement is intended to distinguish acts of the municipality from acts of the employees; thereby making clear that municipality liability is limited to action for which the municipality is actually responsible. *Riddick v. Sch. Bd. of the City of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000). Isolated incidents of unconstitutional conduct by subordinate employees are insufficient to establish a custom or practice for § 1983 purposes. Under § 1983, a municipality can only be liable if it adopted a policy or custom that amounts to a deliberate indifference to the constitutional rights of a person, and that policy or custom actually caused the harm. *City of Canton v. Harris*, 489 U.S. 378 (1989).

Defendant District argues that this Court must dismiss the Amended Complaint against it because Plaintiff fails to properly plead facts sufficient to show that the alleged deprivation or harm was perpetuated "through an official policy or custom" by which a school board would be responsible under § 1983. In response, Plaintiff argues that the Amended Complaint satisfies this requirement. The pleading includes the following relevant allegations: Defendants failed to adequately and properly train and enforce disciplinary standards, Defendants acted with deliberate indifference to the needs of the Minor Child, Defendant District failed to protect the Minor Child

5

from harm when they it knew or should have known he was in danger, Defendant District failed to adequately and properly train employees and district personnel, Defendant District failed to enforce standards that were taught regarding training, failed to have appropriate guidelines for responding to student behavioral episodes and/or in failed to enforce guidelines related to student behavioral episodes, acting pursuant to customs, practices, usages, or policy, and failed to provide adequate and disciplinary enforcement procedures and counseling for Minor Child. [ECF #1-1, pp. 6-9]. This Court finds that these allegations are sufficient at this stage of pleading to state a potential claim for municipal liability against the District under § 1983. *Riddick,* 238 F.3d 518, 523 (4th Cir. 2000). Unlike in *Barrett v. Board of Educ. of Johnston County, N.C.*, 13 F. Supp. 3d 502, 510 (E.D.N.C.), Plaintiff does more than reiterate the formulaic response of the elements of a constitutional discrimination claim. Instead, Plaintiff alleges that the District did not have adequate training and procedures in place to handle students with behavioral issues; or if it did, those policies were not enforced or adequately explained to its employees. Accordingly, this Court finds that at this stage in the litigation, Plaintiff's allegations against the District are sufficient to establish *Monell* liability.[4]

---

[4] "The manner in which a municipality's police force is trained 'is necessarily a matter of "policy" within the meaning of Monell.' (citation omitted). To establish a viable claim under section 1983 for failure to train, a plaintiff must show that 'the municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants.' (citation omitted). 'Mere negligence is insufficient to impose section 1983 liability on a municipality for alleged failure to train.' (citation omitted). Deliberate indifference is shown only "if, 'in light of the duties assigned to specific officers or employees, the need for more or different training is . . . obvious, and the inadequacy [is] . . . likely to result in the violation of constitutional rights.'" (citation omitted). In addition, the plaintiff must show that the inadequate training was a proximate cause of his deprivation of rights." (citation omitted).
*See Wright v. Town of Gelnarden*, 89 F.3d 831, *4 (4th Cir. 1996) (unpublished opinion).

6

## II. First Cause of Action Based on Substantive Due Process

Section 1983 imposes liability upon state actors who cause the "deprivation of any rights, privileges, or immunities secured by the Constitution," including the Fourteenth Amendment substantive due process right against state actor conduct that deprives an individual of bodily integrity. These protections guard against state action that is so arbitrary, irrational, and so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies. *Doe v. Georgetown County School District*, No. 2:14-cv-01873-DCH, 2015 WL 5923610, at *4 (D.S.C. Oct. 9. 2015). The Due Process Clause "does not apply to ordinary government neglect, bad policy or inaction, but rather 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *J.S. ex rel. Simpson v. Thorsen*, 766 F. Supp. 2d 695, 704 (E.D. Va. 2011). The Fourth Circuit has repeatedly held that conduct that is "wrong enough to register on a due process scale" is conduct that "shocks the conscience and nothing less." *Waybright v. Frederick Cnty., Md., Dep't of Fire & Rescue Servs.*, 528 F.3d 199, 204 (4th Cir. 2008).

Both parties in their briefing discuss *DeShaney v. Winnebago Cnty Dep't of Soc. Servs.*, 489 U.S. 189, 203 (1989). *DeShaney* held that the Due Process Clause of the Fourteenth Amendment is a limitation on state's powers; but it does not require a state to protect the life, liberty, and property of its citizens against *invasion by private actors*. 489 U.S. at 197 (emphasis added). The Supreme Court held that the state had no constitutional duty to protect a child from his father after receiving reports of possible abuse. However, the Court provided two narrow

7

exceptions when state action liability might attach: (1) when the state has custody of a person against his or her will ("special relationship"); and (2) when the state itself creates the dangerous situation that results in injury to an individual ("state-created danger"). *Id.* at 199-200. The second exception, known as the state-created danger doctrine, requires that a plaintiff show that the state actor *created or increased* the risk of private danger, and did so directly *through affirmative acts, not merely inaction or omission*. *Doe v. Rosa*, 795 F.3d 429, 439 (4th Cir. 2015) (emphasis added).  The undersigned questions the application of this framework to the allegations in this case. Here, we have a government employee, while employed and on school premises, as opposed to a "private actor" situation.  Plaintiffs accordingly argue that *DeShaney* does not apply, yet confusingly they nevertheless plead and argue a "special relationship" exception.  Defendants move to dismiss the claims, also arguing the *DeShaney* exceptions are not met.  Even if *DeShaney* applied, the exceptions have not been met.  First, Defendants argue that Plaintiff has failed to allege a special custodial relationship under *DeShaney* between the Minor Child and the District to support a substantive due process claim.

Plaintiff alleges that Defendants violated the Minor Child's substantive due process rights and violated statutory duties as imposed under the Fourteenth Amendment and by S.C. Code Ann. § 59-63-110, *et seq*. by virtue of the fact that Minor Child attended CDP within the Defendant District, and a special relationship existed between the Minor Child and all Defendants while Minor Child was in the care and control of the Defendants. [ECF #1-1, pp. 6-7].  As alleged by Plaintiff, this relationship thereby created a right to affirmative protection from the Defendants under the Fourteenth Amendment. [ECF #1-1, pp. 7-8]. However, the Due Process clause does not

impose an affirmative obligation on the State to "protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 195 (1989). Courts have uniformly held that no special relationship exists between a school and a student because the student is not in physical custody and, along with parental help, is able to care for his basic human needs. *Stevenson ex rel. Stevenson v. Martin County Bd. of Educ.*, 3 Fed. Appx. 25, 30-31 (4th Cir. 2001). Indeed, the Fourth Circuit has recognized that "incarceration, institutionalization, or the like" is needed to trigger the affirmative duty under the Due Process clause. *Id.* (citing *Pinder v. Johnson*, 54 F.3d 1169, 1175 (4th Cir. 1995) (en banc)).

Plaintiff further argues that in this case, because the State had a "special relationship" with the Minor Child, the State's behavior surpasses a passive failure to act, it may be properly considered to have "directly enabled" the incident. *See H.B. v. State Bd. of Educ.*, No. 4:14-cv-204-BO, 2015 WL 2193778 (E.D.N.C. 2015). To the extent they have argued a "state-created danger" exception, it also fails, and the Court notes Plaintiff does not specifically argue this exception. *H.B.* was distinguished by a recent district court case which found that in order for the state to be liable, the state's conduct must be affirmative and create the risk or private harm or increase that risk. *Doe v. Berkeley County School District*, No. 2:14-cv-3575-PMD, 2015 WL 5997121 (D.S.C. 2015). Failure to defuse a preexisting danger does not constitute an affirmative act under the doctrine. *Id.* at *2 (citing *Doe v. Rosa*, 795 F.3d 429, 440 (4th Cir. 2015)). Likewise, in order to bring a § 1983 due process claim, a plaintiff must show that the state actor did more than fail to act. *Rosa*, 795 F.3d at 439; *see also Butera v. District of Columbia*, 235 F.3d 637, 650 (D.C. Cir. 2001) (No constitutional liability exists where the state actors 'had no

9

hand in creating a danger but [simply] 'stood by and did nothing when suspicious circumstances dictated a more active role for them.'") (citing *Reed v. Gardner*, 986 F.2d 1125 (7th Cir. 1993) (quoting *DeShaney*, 489 U.S. at 203)). Here, this Court finds that at least as to the Defendants Johnson and Isaiah, Plaintiff has not alleged facts sufficient under *Iqbal* and *Twombly* to make a prima facie case that these two Defendants did anything more than "fail to intervene" as to the conduct allegedly done by co-defendant McIntosh. The relevant case law has repeatedly held that this type of passive behavior does not meet the standard for finding state-created danger for constitutional level liability, particularly when the pleading provides that these two Defendant teachers allegedly witnessed the one episode.

Second, Defendants argue that any claim based on substantive due process, to the extent it is not foreclosed by the inability to bring an Eighth Amendment claim on this ground, does not satisfy the "shock-the-conscience" standard recognized in the Fourth Circuit. In *Hall v. Tawney*, the Fourth Circuit allowed for a § 1983 substantive due process claim to go forward against school officials directly involved in a paddling incident. 621 F.2d 607 (4th Cir. 1980). The *Tawney* Court based liability on the "right to be free of state intrusions into the realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock to the conscience of the court. *Id.* at 613. However, in that case, the *Tawney* Court found that the plaintiff did not make out a claim against the former and current superintendents who did not direct, supervise, participate in, or authorize the paddling. *Id.* at 615. Defendants claim that the incident described in Plaintiff's Amended Complaint does not meet this standard. Plaintiff argues that the allegations in the Complaint that "Defendant did physically assault the minor plaintiff"

10

and that the plaintiff sustained injuries is sufficient at this stage to meet the pleading standard set forth in *Tawney*. But this allegation is to Defendant McIntosh, who is not involved in this Motion to Dismiss.

This Court finds that at this stage, Plaintiff may be able to state a substantive due process claim pursuant to the Fourteenth Amendment against Defendant District through a *Monell* custom or policy allegation, and noting that this involves allegations against a government employee, not a "private actor."  However, with respect to Defendants Isaiah and Johnson, Plaintiff alleges simply that these two individuals "did not intervene" thereby permitting the ridicule and harm of Minor Child to continue.  This Court finds that under the guiding principles cited in the case law above, Plaintiff cannot meet the standard to impose to impose constitutional level § 1983 liability on these two Defendants based on these limited allegations.  Based on the allegations as set forth in the Amended Complaint, Defendants Isaiah and Johnson were not alleged to be in any supervisory role over co-defendant McIntosh.  Further, this Court finds that the allegations in the Complaint against these Defendants, like the superintendents in *Tawney*, do not meet the shock-the-conscience standard Thus, this Court finds that the substantive due process violations brought pursuant to § 1983 against Defendants Isaiah and Johnson should be dismissed.

### III. Eighth Amendment Protection Against Cruel and Unusual Punishment

Plaintiff alleges that "Defendants acts of willful, malicious, conscious and deliberate indifference, jointly, severally, and in combination thereof" caused the Minor Child to suffer a deprivation of the rights afforded under the Eighth Amendment as a result of the physical assault by Defendant McIntosh while in school.  Defendants move to dismiss this cause of action as they

11

argue that the Eighth Amendment does not protect students against instances of corporal punishment in school.

The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The Eighth Amendment was designed to protect citizens convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Supreme Court has held that when public school administrators impose disciplinary corporal punishment, the Eighth Amendment does not apply. *Id.* at 683. In her response brief, Plaintiff does not appear to argue that the Eighth Amendment is still applicable to this action.[5] Accordingly, this Court finds that any claims related to the Eighth Amendment against these Defendants must be dismissed.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendants' Motion to Dismiss [ECF #6], Plaintiff's response to the Motion [ECF #8], Defendants' reply [ECF #9], and the applicable law. For the reasons stated above, the Defendants' motion to dismiss the federal constitutional § 1983 claims (First and Second Causes of Action) is **GRANTED** in part and **DENIED** in part. As to Defendants Isaiah and Johnson, The First and Second Causes of Action are dismissed. As to Defendant District, the Second Cause of Action based on the Eighth Amendment is dismissed; however, the First Cause of Action based on substantive due process shall remain.

---

[5] Instead, Plaintiff argues that the issue of cruel and unusual punishment remains open under the substantive due process clause of the Fourteenth Amendment. [ECF #8, p. 7].

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 22, 2017  R. Bryan Harwell
United States District Judge